[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action, Liberty Mutual Insurance Co., seeks to recover money damages from the defendants, Brave Equipment Co. and Equipment Unlimited, for an indebtedness allegedly owed on two workers compensation policies. The court held an evidentiary hearing in this matter on January 10, 1991, in which it heard the testimony of Alison McMahon, a special auditor for the plaintiff, and received into evidence a number of documentary exhibits.
The gravamen of the plaintiff's case is that it issued workers compensation policies to the defendants and that an audit conducted after the policies were subsequently terminated revealed that the premiums paid on those policies were insufficiently high. The premiums paid by the defendants were "estimated premiums" set forth on an application (Exhibit A) signed by the defendant's president. The plaintiff issued its policies (Exhibits B C) in response to this application, and the policies also set forth these "estimated premiums."
The problem for the plaintiff is that neither the application, the policies, nor only other document in evidence oblige the defendants in any way to pay the plaintiff additional CT Page 119 monies if the "estimated premiums" are subsequently found to be too low. The policies do provide for an adjustment of the "premium discount" after an audit, but there is no premium discount involved in this case. Ms. McMahon testified that the defendants' obligation to pay the additional monies was set forth in "a separate folder," but no "separate folder" was ever entered into evidence. The plaintiff did not request a continuance to submit additional evidence, and the court can only decide the case on the basis of the evidence before it.
It must be emphasized that the policies in question were drafted by the plaintiff. If the plaintiff had intended to oblige the defendants to pay additional money after an audit, it could easily have placed such an obligation in its policies. The plaintiff does not allege fraud, unjust enrichment, or any statutory liability to pay the damages sought. What liability there is must be found in the contractual documents themselves, and it simply is not there.
Judgment must consequently enter for the defendants. Dated at Waterbury this 28th day of January, 1991.
JON C. BLUE, J. Judge of the Superior Court